IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SUNDARI K. PRASAD,

    Plaintiff,

v.                                                                       Civil Action No. 3:17CV224

**FEDERAL TRADE COMMISSION,** *et al.,*

    Defendants.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)), *aff'd,* 36 F.3d 1091 (4th Cir. 1994).

---

[1] The statute provides, in pertinent part:

    Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Prasad's Complaint

The action proceeds on Prasad's Particularized Complaint ("Complaint," ECF No. 10).[2] As an initial matter, the Court notes that Prasad's Complaint consists of rambling allegations, conclusory statements, and mere phrases. Moreover, the Court notes that in some instances, Prasad's Complaint is not legible. The Court makes its best attempt to decipher words and recites the most relevant factual information for each Defendant.[3]

---

[2] The Court employs the pagination assigned by the CM/ECF docketing system to Prasad's submissions. The Court corrects the spelling, punctuation, and removes the emphasis in the quotations from Prasad's Complaint.

[3] Beginning on page five of the Complaint, Prasad has attached two pages with miscellaneous allegations that do not appear to follow logically her allegations in the previous pages. (*See* Compl. 5–6.) These pages outline her medical history and disabilities, and appear to raise different claims against the Hampton Roads Regional Jail and Hamilton Hendrix. (*See id.*) To the extent that Prasad wishes to raise claims pertaining to her medical history against the Hampton Roads Regional Jail and Hamilton Hendrix, she is free to file a separate civil action raising these claims. As these allegations do not appear related to her original allegations, the Court will not consider them here.

3

In her Complaint, Prasad names the Federal Trade Commission, Sprint PCS, Verizon Wireless, Richard Locke, Stephen Bloomquest, David Arnold Carpenter, Hamilton Lee Hendrix, Jonathan D. Headlee, and Jane "Justice" a/k/a "Paradox Jane," as Defendants. (Compl. 1.) As pertinent here, Prasad's factual allegations state,

> This entire issue arises out of pornographic photos of myself and content being transferred between cellular networks that was/is unauthorized . . . and illegally taken and videos that I was unaware were being recorded and did not agree to – as well as nude photos of my infant son being transferred as well between lawyers with no legal action taken – between people as well – which was child pornography. (Police report taken) and threats from Hendrix, Headlee, and Bloomquest over two networks. Stephen Boomquest [and] Richard Locke – attorney(s) of Hamilton Hendrix – was told about everything and did nothing . . . . [Defendants Carpenter, Hendrix, Headlee, and Jane Justice] all spoke/texted/recorded words that tended to violence and breach of peace (on cell phones) . . . [M]y "private property" (my and my son's body) was "taken" via photo on cellphone for public use and distributed illegally; I was not compensated for my photos as I was a nude model. . . .

(Compl. 1–2.) Prasad then alleges the various Defendants violated, *inter alia*, 18 U.S.C. § 2258,[4] the Americans with Disabilities Act, Section 8.01–45 of the Virginia Code,[5] the Virginia State Bar Rules of Professional Conduct, the Constitution of Virginia, "copyright over a cell network,"

---

[4] This statute provides:

> A person who, while engaged in a professional capacity or activity described in subsection (b) of section 226 of the Victims of Child Abuse Act of 1990 on Federal land or in a federally operated (or contracted) facility, or a covered individual as described in subsection (a)(2) of such section 226 who, learns of facts that give reason to suspect that a child has suffered an incident of child abuse, as defined in subsection (c) of that section, and fails to make a timely report as required by subsection (a) of that section, shall be fined under this title or imprisoned not more than 1 year or both.

18 U.S.C. § 2258 (West 2018).

[5] "All words shall be actionable which from their usual construction and common acceptance are construed as insults and tend to violence and breach of the peace." Va. Code Ann. § 8.01–45 (West 2018).

the First Amendment,[6] Fifth Amendment,[7] Ninth Amendment,[8] Tenth Amendment,[9] and the Thirteenth Amendment.[10] (*Id.* at 2–4.) Prasad requests, *inter alia*, that this Court grant her and her son "monetary relief of 193 million dollars for failure to act [and] prosecute, [and] legal remedy of jail time enacted on all parties." (*Id.* at 7.)

### III. Analysis

It is both unnecessary and inappropriate to engage in an extended discussion of Prasad's theories for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))). Ultimately, Prasad's Complaint will be dismissed for failing to state a claim under Federal Rule of Civil Procedure 12(b)(6) and as legally frivolous.

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke*

---

[6] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people to peacefully to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.

[7] "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V.

[8] "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX.

[9] "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

[10] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII.

*Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Courts must liberally construe *pro se* civil rights complaints in order to address constitutional deprivations. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Nevertheless, the Fourth Circuit has explained that "[t]hough [pro se] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). In other words, "[d]istrict judges are not mind readers," *id.* at 1278, and "they cannot be expected to construct full blown claims from sentence fragments." *Id.*

### A. Prasad Fails to State a Constitutional Violation

Despite listing various violations of the law, Prasad's Complaint essentially boils down to a single claim that the Defendants were not prosecuted for their alleged illegal sharing of nude photos of Prasad and her son. (*See* Compl. 1–2.) In her Prayer for Relief, Prasad requests monetary relief "for failure to act [and] prosecute" and the "legal remedy of jail time enacted on all parties." (*Id.* at 7.) But Prasad, as "a private citizen lacks a judicially cognizable interest in the [criminal] prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). To the extent that Prasad seeks prosecution against these Defendants for criminal wrongdoing, her claims will be DISMISSED WITH PREJUDICE. Moreover, for the reasons stated below, none of the named Defendants are amenable to suit under 42 U.S.C. § 1983.

### B. Defendants Federal Trade Commission, Sprint PCS, and Verizon

Prasad primarily complains of various activities by "cellular networks" Federal Trade Commission, Sprint PCS, and Verizon. (Compl. 1.) From what the Court can discern, Prasad

complains that nude photos of herself and her son were electronically taken and/or sent using cellphones which allegedly implicates the Federal Trade Commission, Sprint PCS, and Verizon. (*See id.* at 1–2.) However, the Federal Trade Commission is not a proper defendant under 42 U.S.C. § 1983 and Prasad fails to provide sufficient facts for this Court to infer that Sprint PCS and Verizon acted under color of state law.

First, the Federal Trade Commission is a federal entity and thus is not amenable to suit under 42 U.S.C. § 1983. *See Chatman v. Hernandez*, 805 F.2d 453, 455 (1st Cir. 1986) (citation omitted) (observing that "Section 1983 applies to persons acting 'under color of state law' and not to persons acting pursuant to federal law"); *Evans v. IRS*, No. 2:17–CV–05809–RGK–KES, 2017 WL 4350161, at *4 (C.D. Cal. Aug. 11, 2017) (citation omitted) (explaining that "actions under 42 U.S.C. § 1983 are available only against state actors, not federal actors"). Moreover, to the extent that Prasad seeks to bring a *Bivens*[11] suit against the Federal Trade Commission, she has also failed to name a proper defendant for such an action. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (explaining that an inmate "may bring a *Bivens* claim against the offending individual officer," but that the inmate "may not bring a *Bivens* claims against the officer's employer, the United States, or the BOP"). Therefore, Prasad's claims against the Federal Trade Commission will be DISMISSED WITH PREJUDICE.

Prasad's next group of claims is against Sprint PCS and Verizon. Prasad has not pled any facts that plausibly suggest that Defendants Sprint PCS and Verizon acted under color of state law. Rather, Sprint PCS and Verizon are private companies, not state actors. *See In re Rochester*, 468 F. App'x 393, 395 (4th Cir. 2012) (noting "the corporate defendants are not state actors amenable to suit under § 1983" (citing *West v. Atkins*, 487 U.S. 42, 48 (1988))); *cf. Evans*,

---

[11] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2017 WL 4350161, at *4 (concluding Verizon and other corporate defendants, without sufficient facts indicating otherwise, were not state actors under 42 U.S.C. § 1983); *Molefe v. Verizon N.Y., Inc.*, No. 14–CV–1835–LTS–GWG, 2015 WL 1312262, at *2 (S.D.N.Y. Mar. 24, 2015) (concluding that Verizon was not a state actor). Because Prasad has failed to plead facts indicating that Sprint PCS and Verizon are state actors, her claims against Sprint PCS and Verizon will be DISMISSED WITHOUT PREJUDICE.

### C. Defendants Locke and Bloomquest

Next, Prasad names Defendants Richard Locke and Stephen Bloomquest. (Compl. 1.) Prasad identifies Locke and Bloomquest as "attorney(s) of Hamilton Hendrix." (*Id.*) However, "[i]t is well-settled that attorneys engaged in private practice do not act under color of state law within the meaning of § 1983." *Parent v. New York*, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011) (citation omitted), *aff'd*, 485 F. App'x 500 (2nd Cir. 2012); *see Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015); *Davis v. Self*, 547 F. App'x 927, 934 (11th Cir. 2013); *cf. Polk Cty. v. Dodson*, 454 U.S. 312, 318, (1981) (holding that court appointed lawyer is not an officer of the court within § 1983). Accordingly, Prasad's claims against Defendants Locke and Bloomquest will be DISMISSED WITH PREJUDICE.

### D. Defendants Carpenter, Hendrix, Headlee, and Jane "Justice" a/k/a "Paradox Jane"

In her Complaint, Prasad alleges that Defendants Carpenter, Hendrix, Headlee and Jane "Justice" a/k/a "Paradox Jane"

> all spoke/texted/recorded words that tended to violence and breach of peace (on cell phones) . . . as my "private property" (my and my son's body) was "taken" via photo on cellphone for public use and distributed illegally; I was not compensated for my photos as I was a nude model. . . . [M]y son is only 2 – and that is child pornography . . . .

(Compl. 2.)

Prasad's allegations fail to plausibly suggest that Defendants Carpenter, Hendrix, Headlee, or Jane "Justice" acted under color of state law.[12] Therefore, Defendants Carpenter, Headlee, Hendrix, and Jane "Justice" are not state actors amenable to suit under § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). Given Prasad's litigation history, and because of the frivolous and malicious nature of her claims, the Court will dismiss her claims against Defendants Carpenter, Headlee, Hendrix, and Jane "Justice" WITH PREJUDICE. *See Cain v. Virginia*, 982 F. Supp. 1132, 1136 (E.D. Va. 1997).

## IV. Conclusion

For the foregoing reasons, Prasad's claims against Defendants Federal Trade Commission, Richard Locke, Stephen Bloomquest, David Arnold Carpenter, Hamilton Lee Hendrix, Jonathan D. Headlee, and Jane "Justice" a/k/a "Paradox Jane" are DISMISSED WITH PREJUDICE for failure to state a claim, as legally frivolous, and malicious. Prasad's claims against Defendants Sprint PCS and Verizon will be DISMISSED WITHOUT PREJUDICE. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: MAY 1 6 2018
Richmond, Virginia

M. Hannah Lauck
United States District Judge

---

[12] Prasad has repeatedly named the same defendants in the forty-plus civil suits she has filed in this Court. In another action, Prasad identifies Defendant Carpenter as a "former photographer and ex-boyfriend," Defendant Headlee as "her other ex-boyfriend," and Jane "Justice" as a "white supremacist[.]" Part. Compl. 1–2, *Prasad v. Flynt*, No. 16cv899, ECF No. 12 (E.D. Va. filed May 25, 2017). In yet another action, Prasad identifies Defendant Hendrix as a man she "ha[s] a custody case in Chesterfield Va. [with.]" Part. Compl. 1, *Prasad v. Newport News Circuit Court*, No. 16cv899, ECF No. 11 (E.D. Va. filed June 16, 2017).