IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



SUNDARI K. PRASAD,

    Plaintiff,

v.    Civil Action No. 3:17CV224

FEDERAL TRADE COMMISSION, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Sundari K. Prasad, a Virginia inmate proceeding *pro se*, filed this civil rights action. By Memorandum Opinion and Order entered on May 16, 2018, the Court dismissed the action as legally frivolous and for failure to state claim. (*See* ECF Nos. 11, 12.) The matter is now before the Court on Prasad's "Petition for Rehearing" that will be construed as a motion under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 14).[1] *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (stating that filings made within twenty-eight days after the entry of judgment are construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

---

[1] The Court employs the pagination assigned to Prasad's Rule 59(e) Motion by the CM/ECF docketing system.

available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Prasad does not explicitly address any of the above recognized grounds for relief in her Rule 59(e) Motion. However, the Court construes Prasad to argue that the Court should grant her Rule 59(e) Motion "to correct a clear error of law or prevent manifest injustice." *Id.* (citations omitted). First, Prasad contends that the undersigned's "clear bias is overwhelming calling for recusal." (Rule 59(e) Mot. 14.) The Court has explained to Prasad repeatedly that the bar for recusal is high, as "courts have only granted recusal motions in cases involving particularly egregious conduct." *Belue v. Leventhal*, 640 F.3d 567, 573 (4th Cir. 2011). Contrary to Prasad's belief, unfavorable "judicial rulings alone almost never constitute a valid basis for bias" or a valid reason to demand recusal of a judge. *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). Prasad has not demonstrated that the undersigned harbors any bias against Prasad or any circumstance where the impartiality of undersigned might reasonably be questioned. *See* 28 U.S.C. §§ 144,[2] 455.[3] The Court harbors no bias. Accordingly, Prasad points to no clear error of

---

[2] The statute provides, in relevant part:

> Whenever a party to a proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him [or her] or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . . A party may file only one such affidavit in any case. It

law in the Court's dismissal of this action or that vacating that dismissal is necessary to prevent manifest injustice.

Prasad also claims that she should have been afforded counsel because she has a disability, and points to the Court's repeated rejections of her meritless claims to demonstrate her need for counsel. (Rule 59(e) Mot. 1-2.) Simply put, Prasad's claims are legally frivolous and the appointment of counsel would not be appropriate.

Finally, Prasad contends that she intended to name the FCC, not the FTC, and she wanted to bring her case under *Bivens*.[4] (*Id.* at 1.) Regardless of whether the named defendant is the FCC or the FTC her claim lacks merit. As the Court explained:

> Moreover, to the extent that Prasad seeks to bring a *Bivens*[] suit against the Federal Trade Commission, she has also failed to name a proper defendant for such an action. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) (explaining that an inmate "may bring a *Bivens* claim against the offending individual officer," but that the inmate "may not bring a *Bivens* claims against the officer's employer, the United States, or the BOP"). Therefore, Prasad's

---

shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

[3] The statute provides, in relevant part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself [or herself] in any proceeding in which his impartiality might reasonably be questioned.
(b) He [or she] shall also disqualify himself [or herself] in the following circumstances:
   (1) Where he [or she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . .

28 U.S.C. § 455.

[4] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

claims against the Federal Trade Commission will be DISMISSED WITH PREJUDICE.

(ECF No. 11, at 7.) Prasad fails to demonstrate any clear errors of law in the conclusions of the Court or that the dismissal of this action resulted in manifest injustice. Accordingly, Plaintiff's Rule 59(e) Motion (ECF No. 14) will be DENIED.

On May 23, 2018, the Court received an Amended Complaint from Prasad in this closed action. (ECF No. 13.) The Court dismissed the instant action because none of the named Defendants were amenable to suit under 42 U.S.C. § 1983 or *Bivens*, and her claims were legally frivolous. Prasad's Amended Complaint fails to alter that conclusion. No further action will be taken on Prasad's Amended Complaint in this closed action.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: September 10, 2018
Richmond, Virginia

4